## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) W. BLAKE SONNE, individually and on behalf of all others similarly situated, | ) ) ) | Case No. CIV-22-761-PRW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| 1) VROOM AUTOMOTIVE LLC, a Texas limited liability company, d/b/a VROOM; 2) VROOM INC., a Delaware corporation, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendants Vroom Automotive, LLC and Vroom, Inc. (collectively, "Defendants") hereby give notice of their removal of the putative class action filed as Case No. CJ-2022-822 in the District Court of Cleveland County, Oklahoma to the United States District Court for the Western District of Oklahoma.

As set forth below, removal is appropriate because (i) the federal district court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d); and (ii) there is complete diversity of citizenship under 28 U.S.C. § 1332(a) between the only named parties—Plaintiff and Defendants—and the alleged amount in controversy of Plaintiff's individual claims exceeds the $75,000 jurisdictional threshold.

## FACTUAL BACKGROUND

1.    On or about July 21, 2022, Plaintiff W. Blake Sonne ("Plaintiff") filed a Class Action Petition ("Petition") in the District Court of Cleveland County, State of Oklahoma,

captioned *W. Blake Sonne, individually and on behalf of all others similarly situated v. Vroom Automotive LLC and Vroom Inc.*, CJ-2022-822 (the "State Court Action").  A true copy of the state court docket sheet is attached as Exhibit 1.  All process, pleadings and orders filed or served in the State Court Action are attached hereto as Exhibits 2-4.  Plaintiff served Vroom Automotive, LLC and Vroom, Inc. with copies of the Petition on or about July 29, 2022.  *See* Exhibits 5 and 6, Summonses.

2.      Plaintiff alleges that he "is and at all relevant times was a resident of Norman, Cleveland County, State of Oklahoma."  Exhibit 2, Petition, ¶ 1.

3.      Plaintiff alleges that Vroom Automotive, LLC is a "Texas limited liability company" with its principal place of business in Texas.  *Id.* ¶ 2.  Plaintiff further alleges that Vroom, Inc. is a "Delaware corporation" with its principal place of business in Texas. *Id.* ¶ 3.

4.      In his Petition, Plaintiff seeks to represent himself and a proposed class of "[a]ll individuals in the State of Oklahoma who purchased a motor vehicle from Defendants via Vroom.com since July 22, 2017 until June 22, 2022 who failed to receive from Vroom.com the motor vehicle title for any such vehicle within 30 days from the date of delivery."  *Id.* ¶ 36.

5.      Plaintiff alleges that the proposed class consists of "at least, [ ] hundreds or thousands of potential members," and is "so numerous that joinder of all members is impracticable as a matter of law because the proposed class consists of purchasers of any motor vehicle from Vroom.com over the last 5 years."  *Id.* ¶ 39.

6.      Plaintiff asserts two causes of action on behalf of himself and the proposed

class.  *First*, Plaintiff alleges that Defendants breached express and implied warranties under the Oklahoma Uniform Commercial Code ("UCC") by failing to provide "clean and marketable title" for motor vehicles in a timely manner.  *See id.* ¶¶ 36, 47-52.  *Second*, Plaintiff alleges that Defendants violated the Oklahoma Consumer Protection Act ("OCPA") by engaging in "deceptive and unfair trade practices." *Id.* ¶ 54.[1]

7.     Plaintiff seeks the following relief from Defendants, among others: (i) actual, consequential, and "other" damages; (ii) statutory civil penalties for each alleged violation of the OCPA; (iii) attorneys' fees and costs; and (iv) punitive damages.  *See id.* ¶¶ 52, 58, Prayer for Relief.

## GROUNDS FOR REMOVAL

## I.     REMOVAL IS APPROPRIATE UNDER THE CLASS ACTION FAIRNESS ACT

8.     Under CAFA, federal courts have original and removal jurisdiction over certain class actions if: (i) the class has more than 100 members, (ii) the parties are minimally diverse, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (iii) the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(1), (d)(2), (d)(5)(B); 28 U.S.C. §§ 1441(a), 1453; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1244 n.1 (10th Cir. 2012).  A notice of removal is sufficient if it makes a plausible allegation that the requirements of CAFA are satisfied.

---

[1] Defendants do not concede that Oklahoma law governs this action.  For purposes of this Notice of Removal, Defendants address the causes of action as they are alleged in Plaintiff's Petition.

*Dart Cherokee*, 135 S. Ct. at 554.  Each of the CAFA requirements is present here.

### A.    The Proposed Class Has More Than 100 Members

9.    Plaintiff alleges that the proposed class—defined as "[a]ll individuals in the State of Oklahoma who purchased a motor vehicle from Defendants via Vroom.com since July 22, 2017 until June 22, 2022 who failed to receive from Vroom.com the motor vehicle legal title for any such vehicle within 30 days from the date of delivery"—contains "at least, [ ] hundreds or thousands of potential members."  Exhibit 2, ¶¶ 36, 39 (asserting that the "proposed class is so numerous that joinder of all members is impracticable as a matter of law because the proposed class consists of purchasers of any motor vehicle from Vroom.com over the last 5 years").

10.    Based on Plaintiff's class size estimate of "hundreds or thousands of potential members,"[2] the proposed class satisfies the minimal requirement of 100 putative members. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (defendant was entitled to rely on plaintiff's allegation that she "believed" there were "hundreds" of members of the class as an assertion that there were at least 200 class members to satisfy CAFA numerosity requirement).

---

[2] An attorney of record must sign pleadings filed in state court which certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery[.]" OKLA. STAT. tit. 12, § 2011(B)(3); *see also Sabrina Roppo v. Travelers Commercial Insurance Co.*, 869 F. 3d 568, 581 (7th Cir. 2017) (defendant seeking removal under CAFA may rely on a plaintiff's representations of class size given "the underlying duty of counsel in making them").

**B.    Minimal Diversity Is Present Here**

11.    Minimal diversity is satisfied when any member of a class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2)(A).  For purposes of CAFA, an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).  A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

12.    Plaintiff, who seeks to represent the proposed class, alleges that he is a resident of Oklahoma, and thus is a citizen of Oklahoma for purposes of diversity jurisdiction.  Exhibit 2, ¶ 1.

13.    Defendant Vroom Automotive, LLC, d/b/a Vroom, is a Texas limited liability company with its principal place of business in Texas.  *Id.* ¶ 2.

14.    Defendant Vroom, Inc. is a Delaware corporation with its principal place of business in Texas.  *Id.* ¶ 3.

15.    As alleged, Defendants are thus citizens of either Texas or Delaware for purposes of diversity jurisdiction.  *See* 28 U.S.C. §1332(d).

16.    Plaintiff's Petition establishes that there is minimal diversity as required for CAFA—*i.e.*, at least one "member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

**C.    The Amount In Controversy Exceeds $5 Million In the Aggregate**

17.    CAFA provides that "[i]n any class action, the claims of the individual class

members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. §1332(d)(6). The "amount in controversy" is not the amount of damages that the plaintiff will actually recover, but is merely "an estimate of the amount of damages that will be put at issue during the course of the litigation." *Frederick*, 683 F.3d at 1245 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Where, as here, Plaintiff does not allege a specific dollar amount in damages, Defendants need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 134 S.Ct. at 554.

18.     In his Petition, Plaintiff seeks "[a]ctual, consequential, punitive, and other damages," as well as attorneys' fees and costs. Exhibit 2, Prayer for Relief. Additionally, with respect to the alleged OCPA violations, Plaintiff seeks "statutory civil monetary penalties against Defendants for each wrongful or deceptive act as well as attorney fees and costs as set forth in 15 Okl. Stat. § 761.1." *Id.* ¶ 58. Each form of relief must be considered in determining whether the amount in controversy exceeds the $5,000,000 jurisdictional threshold.

19.     Defendants deny any and all liability and contend that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations on their face, his Petition places well over $5,000,000 in controversy. *See Frederick*, 683 F.3d at 1247 (CAFA amount in controversy may be shown "by calculation from the complaint's allegations").

20.     **Damages Under the Oklahoma UCC.**     Plaintiff's claims for

"compensation" under the Oklahoma UCC arise from Defendants' alleged breach of warranties "regarding selling vehicles with a clean title and delivering clean and marketable title." *See* Exhibit 2, ¶¶ 44-52. Under the Oklahoma UCC, OKLA. STAT. tit. 12A, § 2-714(2), "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted."

21.   Although Plaintiff makes no attempt to quantify any alleged actual or consequential damages arising from the alleged breach of warranties, he claims, among other things, that the vehicles that he and the proposed class members purchased were not "fit for the ordinary purpose" for which "vehicles are used and driven legally in Oklahoma, namely, as a legal and reliable means of transportation without fear of fine or punishment for driving such vehicle." *See* Exhibit 2, ¶¶ 20, 51.

22.   Based on Plaintiff's assertion that the "proposed class expressly excludes any and all possible questions of law or fact that require specific and/or individualized inquiries," and that his claims—arising out of his purchase of a motor vehicle for $47,124.50—are "typical of the claims of the proposed class," it would only take a class of 107 members for potential actual and consequential damages under the Oklahoma UCC to meet the $5,000,000 aggregate damages threshold under CAFA (107 x $47,124.50 = $5,042,321.50). *See* Exhibit 2, ¶¶ 25, 40-41.

23.   **OCPA Statutory Penalties & Attorneys' Fees.**  In addition to damages under the Oklahoma UCC, Plaintiff also seeks "statutory civil monetary penalties against Defendants for each wrongful or deceptive act as well as attorney fees and costs as set forth

in 15 OKLA. STAT. § 761.1." Exhibit 2, ¶ 58.  That statute provides that:

> The commission of any act or practice declared to be a violation of the Consumer Protection Act, if such act or practice is also found to be unconscionable, shall render the violator liable to the aggrieved customer for the payment of a civil penalty, recoverable in an individual action only, in a sum set by the court of not more than Two Thousand Dollars ($2,000.00) for each violation.

OKLA. STAT. tit. 15, § 761.1(B).

24.    In his Petition, Plaintiff alleges at least four violations of the OCPA against Defendants:  (i) selling vehicles and failing to complete the registration process "as required by law"; (ii) selling vehicles "without clean and marketable and legal title"; (iii) failing to timely furnish "clean and marketable title"; and/or (iv) failing to "disclose or misrepresenting issues" resulting in title or registration transfer delays.  Exhibit 2, ¶ 55.

25.    Plaintiff's allegations thus put "at issue" at least $8,000 in potential OCPA statutory civil penalties against each Defendant per class member, which alone would place over $5,000,000 in controversy even assuming there are only "hundreds" of class members.[3]  *Frederick*, 683 F.3d at 1245.  When coupled with Plaintiff's requests for punitive damages and attorneys' fees, that amount would increase.  Exhibit 2, ¶ 58; *Frederick*, 583 F.3d at 1247 ("As a general matter, '[p]unitive damages may be considered in determining the requisite jurisdictional amount.'") (citing *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003)).

---

[3] For example, 320 class members asserting $2,000 in statutory civil penalties for each alleged OCPA violation against each Defendant would far exceed $5,000,000.

II.    **REMOVAL IS ALSO APPROPRIATE UNDER 28 U.S.C. § 1441 BASED ON TRADITIONAL DIVERSITY JURISDICTION**

26.    This case may also be removed pursuant to 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between the parties, and (ii) the amount in controversy exceeds $75,000.

A.    **There Is Complete Diversity Between Plaintiff and Defendants**

27.    Plaintiff is a citizen of Oklahoma because he resides in Oklahoma. Exhibit 2, ¶ 1.

28.    "[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 110 S.Ct. 1015 (1990)).

29.    Defendant Vroom Automotive, LLC is a Texas limited liability company with its principal place of business in Texas.   Exhibit 2, ¶ 2.  Vroom Automotive, LLC's sole member is Vroom, Inc.

30.    Defendant Vroom, Inc. is a Delaware corporation with its principal place of business in Texas. *Id.* ¶ 3.

31.    Thus, complete diversity of citizenship exists between Plaintiff and Defendants.

B.    **The Amount In Controversy Exceeds $75,000**

32.    "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal."

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)*, abrogated on other grounds by Dart Cherokee,* 135 S. Ct. 547. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. Further, it is well-established that "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *McPhail*, 529 F.3d at 955. A defendant seeking removal need only establish jurisdictional facts that make it "possible that $75,000 [is] in play . . . ." *Id*. Once those underlying facts are shown, a defendant "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id*. at 954.

33. In his Petition, Plaintiff seeks "actual, consequential, punitive, and other damages" arising from alleged delays in obtaining title to a 2020 Kia Telluride that he purchased for $47,124.50. Exhibit 2, Prayer for Relief; *id.* ¶ 27. As discussed in Section I.C above, Plaintiff's claims for breach of express and implied warranties under the Oklahoma UCC and violations of the OCPA, along with punitive damages and attorneys' fees, plainly place over $75,000 in controversy just on his individual claims. *See McPhail*, 529 F.3d at 955-56 (a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal"); *see also* OKLA. STAT. tit. 23, § 9.1; *Woodmen of World Life Ins. Soc'y*, 342 F.3d at 1218 ("[p]unitive damages may be considered in determining the requisite jurisdictional amount.").

## COMPLIANCE WITH REMOVAL STATUTE

34. The Notice of Removal is properly filed in the United States District Court

for the Western District of Oklahoma, because the District Court of Cleveland County, State of Oklahoma is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

35.    The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1446(a).

36.    Pursuant to LCvR81.2(a), attached hereto and marked as Exhibit 1 is a true and correct copy of the state court docket sheet. *See* Exhibit 1.

37.    Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 2-6, are true and correct copies of the Petition and all process, pleadings, and orders served upon Defendants. *See* Exhibit 2, Petition; Exhibit 3, Unopposed Application for Extension of Time to Respond to Petition; Exhibit 4, Order Granting Unopposed Application for Extension of Time to Respond to Petition; Exhibits 5 and 6, Summonses. Defendants have not filed an answer or other response to the Petition in the State Court Action and are not aware of any currently pending motions in that court.

38.    The Petition was served on Vroom, Inc. and Vroom Automotive, LLC on July 29, 2022.  This Notice of Removal is therefore timely under 28 U.S.C. §1446(b)(1). *See generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the earliest the 30-day removal period can begin is the date the original state court pleading was served on the defendant); *Miller v. Waterman*, Case No. 13-CV-759-TCK, 2014 WL 1653245, at *1 (N.D. Okla. Apr. 24, 2014) ("The thirty-day removal period in section 1446(b)(1) only begins to run once a defendant has been served with a summons.").

39.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be

served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, shall be filed with the Clerk of the District Court of Cleveland County, State of Oklahoma.

40.     Defendants reserve the right to amend or supplement this Notice of Removal. Defendants further reserve all rights and defenses, including those available under the Federal Rules of Civil Procedure and including all rights to move to compel arbitration and/or to enforce a class waiver provision.

## **CONCLUSION**

Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the District Court of Cleveland County, State of Oklahoma.  Defendants further request such other relief as the Court deems appropriate.

Dated: August 29, 2022                          Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

*s/William W. O'Connor*
William W. O'Connor, OBA No. 13200
Jerrick Irby, OBA No. 30876
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
jirby@hallestill.com

and

Jon A. Epstein, OBA No. 13274
Carson Glass Lamle, OBA No. 32783
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone:  (405) 553-2828
Facsimile:  (405) 553-2855
jepstein@hallestill.com
clamle@hallestill.com

**ATTORNEYS FOR DEFENDANTS,
VROOM AUTOMOTIVE, LLC AND
VROOM, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of August, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Blake Sonne

**PLAINTIFF PRO SE**

<u>*s/William W. O'Connor*</u>
William W. O'Connor